FRANK M. BETHEL v. W. E. OTIS, Appellant, and LENA OTIS.

Negligence: EVIDENCE. A husband told his wife to "fire" at a hinge on a door opposite; instead, she said she would and did shoot at a crosspiece on the door, and thereby injured plaintiff. *Held*, the husband should have been allowed to show that he directed firing at a hinge close to the ground, and did not know that his wife intended shooting at the crosspiece.

SAME. It should have been charged that if the husband directed shooting at one place and the shot was fired at another, whereby injury ensued, the husband was not liable by reason of said direction.

*Appeal from Ida District Court.*—HON. JOHN R. CALDWELL, Judge.

THURSDAY, DECEMBER 13, 1894.

APPELLANT states his cause of action as follows: "That on or about the seventeenth day of November, 1892, while he was engaged in his said vocation (as a printer) the defendants injured and dangerously wounded him by the unlawful, negligent, and reckless handling and discharge of a dangerous weapon, to wit, a gun, and from such injury and wound he suffered great pain of body and mind." He asks to recover damages in the several particulars stated. Defendants answered jointly, denying "each and every allegation in said petition contained." The case was tried to a jury, and a verdict returned in favor of the plaintiff, against both defendants, in the sum of seven hundred dollars. The defendants' motion for new trial being overruled, judgment was entered on the verdict, from which judgment the defendant W. E. Otis appeals.— *Reversed.*

*J. C. Walters* and *Shortley & Harpel* for appellant.

*Homer S. Bradshaw* for appellee.

GIVEN, J.—I.   The question to be determined will be better understood by noticing the following facts, which are undisputed in the evidence:   The defendants, husband and wife, occupied a building in Ida Grove as a storeroom and dwelling.   The building fronted on Second street, the front room being used as a store, and the room in the rear thereof for dwelling purposes.   In rear of, and adjoining the living room, was a shed, with double doors in the rear end, and near to the left-hand corner as you face the rear.   At the time of the occurrence complained of, one of these doors stood entirely open, and the other partially so. The rear door in the living room opened into this shed nearly opposite the double doors.   In the rear of this shed, and some distance from it, on the line of the alley, stood a coalshed covering about fourteen feet of the rear of the lot on this alley line, to the right of the said double doors.   On the opposite side of the alley stood the printing office in which plaintiff was employed, with windows on the alley side, one or more of which were opposite the open space in the rear of the lot occupied by defendants.   A day or two before the accident, appellant procured a rifle, for the purpose of killing a rat that was annoying him in the rear of his premises.   Between 9 and 10 o'clock on the day of the accident, appellant, in the presence of his wife and a neighbor lady then in the living room, picked up the rifle from where it stood, and asked the neighbor if she would like to shoot the gun.   It does not appear what her answer was, as that was excluded on plaintiff's objection.   It does appear that Mrs. Otis took the gun, and, standing in or near the rear door of the living room, pointed to the hinge on the lower part of the coalhouse door; that appellant said to her:   "Shoot at that hinge."   Instead of that she

pulled up the gun, "and says, 'I am going to shoot at the crosspiece on the door,'" and immediately fired the gun. The bullet passed through the plank in the door, across the open space and alley in the rear of the lot, through the glass in the window in the printing office near to which plaintiff was at work, and lodged in his body, inflicting a painful and serious wound, in consequence of which he has unquestionably suffered damage.

II. It will be observed that the plaintiff, in his petition, rests his right to recover against both defendants solely upon the ground that both were negligent. He does not seek to charge appellant as husband with the negligence of his wife, nor to charge him because of his presence, and the presumption that arose therefrom, and from his relation as husband, that he coerced or influenced his wife to do the negligent act. The court, following the petition, states the issue as follows: "The issue presented is, were the defendants, Walter E. Otis and Lena M. Otis, or either of them, at the time and place charged, and in the act charged, negligent?" Among other instructions, the court gave the following: "(3) If the injuries were caused by the negligence of one of the defendants, and not by the other, you should find for the latter in your verdict." "(11) The mere fact that the defendant Walter E. Otis was the husband of the defendant Lena M. Otis, at the time of the alleged injury, would not in and of itself render him liable for the negligent acts, if any, of the defendant, the said Lena M. Otis."

It is not claimed, nor could it be under the evidence, that appellant fired the shot that injured the plaintiff. Plaintiff states in argument, as the ground for charging appellant, that "he was present, suggested the shooting, handed her the gun. He directed his wife to shoot, and indicated the direction

in which the shot should be fired.  He was her hus-
band, and, being present at the time of the commission
of the wrong, would be liable.''  Defendants were
examined as witnesses in their own behalf.  Appellant
was asked a number of questions to which plaintiff's
objections were sustained, which questions were,
in substance, as follows:  Whether he advised
or directed Mrs. Otis to fire the shot, or to fire
at the place she did, and whether he knew that she was
going to fire it.  Mrs. Otis was asked, in substance, as
follows:  Whether there was anybody connected with
the act of shooting, and whether she was directed by
her husband to fire the shot, to all of which plaintiff's
objections were sustained.  Mrs. Otis was also asked:
''You may state whether or not your husband, prior to
the shooting, said anything to you as to where you
should shoot.''  To this she answered, without objec-
tion, ''He did.''  She was then asked: ''Where did he
say that you should shoot at this time?''  And to this
plaintiff's objection was sustained.  Offers were made,
orally and in writing, by defendant's counsel, of
evidence to the effect indicated in the questions
objected to.  They offered to prove by Mrs. Otis that
appellant directed her ''to shoot at the hinge on the
coalhouse door, which hinge was close to the ground,
and to have done so would not have injured anybody,
and the accident could not and would not have
occurred.''  To these offers plaintiff's objections were
sustained.  Appellant assigns these rulings of the court
as error.  Surely, the evidence offered tended to neg-
ative the claim of appellee that appellant suggested and
directed the shooting, ''and indicated the direction in
which the shot should be fired.''  What appellant knew
as to the intention of Mrs. Otis, and what he did and
said at the time of the shooting, certainly had a direct
bearing on the question of his negligence.  In support
of his claim that appellant is liable for the negligent

act of his wife, because of their relation and his being present at the time of the commission of the wrong, appellee cites authorities holding that in such case a presumption arises that the wrong was committed by the consent and under the influence of the husband. Such is not the case presented in the petition nor submitted to the court; but, if it were, still we think this evidence should have been admitted. Appellant concedes that "this presumption prevails until it is overcome or overthrown by evidence." The evidence rejected certainly tended to overcome this presumption, and was, therefore, admissible in a case where such a presumption was relied upon.

III. Appellant complains of the refusal to give three instructions asked. The first one asked is substantially covered by the eleventh, quoted above. The second and third refused are as follows: "(2) If what the defendant Walter E. Otis did by way of directing defendant Lena M. Otis where to shoot was for the purpose of preventing her shooting at the place where it might endanger others, and which directions, had they been obeyed, the accident alleged would not have happened, then the defendant W. E. Otis would not be liable on account of such directions. (3) If the defendant Walter E. Otis gave to his wife any direction or advice as to the place she should shoot, and which she did not follow, but, without his consent or wish, shot at another place, thereby causing the injury alleged, the defendant Walter E. Otis would not be liable on account of said direction or advice." We think these instructions or their equivalent should have been given to the jury, whether we regard the liability of appellant as resting upon the charge of negligence or the presumption arising from his relation to Mrs. Otis and his presence at the time of the shooting.

As, for the errors already pointed out, the judg-

ment of the district court must be reversed as to the appellant, W. E. Otis, and as a retrial may follow, we do not consider the further claim of appellant that the verdict is not supported by the evidence.   REVERSED.